PATRICK McHUGH vs. CITY OF BOSTON.

Suffolk. March 16, 1899. — May 19, 1899.

Present: HOLMES, MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Statute — " Public Highway " not a " Public Work."*

A public highway is not a public work owned by a city within the meaning of St. 1892, c. 270, entitled "An Act relating to the payment for labor performed on buildings or public works owned by cities or towns."

CONTRACT. The case was submitted to the Superior Court, and, after judgment for the defendant, to this court, on appeal, upon agreed facts, the nature of which appears in the opinion.

*C. R. Darling & J. F. O' Connell*, for the plaintiff.

*S. M. Child*, for the defendant.

HAMMOND, J. The plaintiff was hired by a person having a contract with the defendant for the construction of Lonsdale Street, a public highway duly laid out in the defendant city, and, not having been paid for his work, brings this action, relying upon St. 1892, c. 270, entitled " An Act relating to the payment for labor performed on buildings or public works owned by cities or towns." He seasonably filed the required certificate, and the main question is whether a claim for work done in the construction of a highway is within the first section of the statute.

The section provides that " a person to whom a debt is due for labor performed in constructing any building, sewer, drain, water works, or other public works owned by a city or town under a contract with any person other than such city or town, . . . shall have a right of action against such city or town to recover such debt with costs."

The plaintiff contends that a highway or street is included in the phrase " other public works," and that it may be said to be " owned " by the city or town.

The first idea which occurs to one in considering this contention is, that if the Legislature meant to include public ways it is strange it did not expressly say so. In a general sense it may be said that there is no more prominent item in the public

charges than that concerning the construction and repair of public ways, and no town is free from the burden. It seems highly improbable that a statute which was intended to apply to such a prominent and universal object of expense as the public ways should fail distinctly to name them, especially when it names sewers and drains, which are by no means so general and are comparatively unimportant.

Again, in no proper sense can the public ways be said to be owned by the town. Town-house, engine-house, sewers, drains, and water works may be, and generally are, the private property of the town. They are constructed for the use of the inhabitants, and the ownership is in the town in its corporate capacity.

But there is no such ownership in the highways. The town does not become by virtue of the laying out the owner either of the fee or the easement.

In *Andover* v. *Sutton*, 12 Met. 182, which was an action upon the case to recover expenses paid by the plaintiffs in repairing a highway which had been rendered defective by the flow of water caused by the dam of the defendants, who were mill owners, one of the questions was whether the town was the owner of the way; and in discussing that matter Hubbard, J. uses the following language : " In the case at the bar, the plaintiffs are not the owners of the land over which the road in question passes, nor are they, as a corporation, the owners of an easement. It is a public highway, in which every citizen has an easement, and no one to the exclusion of another. The town, in the distribution of the public burdens, is bound to maintain that portion of the highway which is within its territorial limits; but, in its corporate capacity, it neither owns the soil nor the easement. It has no private rights, which are protected by the statute, [giving remedy to landowners,] or are within its purview or intent." The action, however, was maintained because the town had sustained a damage in being compelled to repair the defect caused in the road by the act of the defendants in raising their dam and overflowing the road. To the extent of its liability to repair, the town may in a sense be said to be interested in the road, and, in the case of a bridge, that interest might be an insurable interest. And in many cases the town may, for its own protection in this respect, bring suits to prevent an injury to the way.

But its right thus to interfere for the protection of the way rests upon its obligation to keep the same in repair, and in no sense upon any claim of ownership. *Springfield* v. *Connecticut River Railroad*, 4 Cush. 63, 67. In a certain sense also, a town may be said to have an actual or constructive possession of a bridge or way, or a qualified interest therein sufficient for the purposes of Pub. Sts. c. 214, § 14. *Commonwealth* v. *Fitzgerald*, 164 Mass. 587. But whatever may be the decisions in other States, it is plain that in this State the phrase " owned by the town," in its ordinary acceptation, in no proper sense describes the relation which the town bears to its public ways. *Cheshire* v. *Adams & Cheshire Reservoir*, 119 Mass. 356, and cases cited.

*Judgment affirmed.*